UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

MARY ANNE BUTLER,

                          Plaintiff,

-against-

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK,

                          Defendant.
------------------------------------------------------------------------

**COMPLAINT**

Case No.: 1:23-CV-1346 (LEK/DJS)

**JURY TRIAL DEMANDED**

      Plaintiff, Mary Anne Butler, complaining of the Defendant by and through her attorneys, Harding Mazzotti, LLP, respectfully alleges as follows:

      **PARTIES:**

      1.    Plaintiff, Mary Anne Butler, is and at all times relevant herein was a resident of the City of Santiago, Dominican Republic.

      2.    Upon information and belief, defendant, the National Railroad Passenger Corporation, d/b/a Amtrak (sometimes referred to herein as "defendant" and/or "Amtrak") was and is a corporation organized and doing business in the State of New York, incorporated in the District of Columbia with a principal place of business located at 1 Massachusetts Avenue, NW, Washington, DC 20001.

      **JURISDICTION**:

      3.    This court has jurisdiction over both the parties and the subject matter of this action pursuant to 28 USC 1332(a) as there us full diversity of jurisdiction as between the parties in that the plaintiff is a resident of the Dominican Republic and the defendant is incorporated in and has its principal place of business in the District of Columbia, the amount in controversy exceeds $75,000 and the defendant conducted business in and and/or committed tortious acts

1

within the State of New York.

4. In addition, this court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1349, as Amtrak is a corporation created by an Act of Congress, 45 U.S.C. § 501 et seq., now codified at 49 U.S.C. § 24101 et seq., and the United States government owns more than half of Amtrak's capital stock.

**FACTS**:

5. Upon information and belief, Amtrak is a corporation doing business in the State of New York with a train station known as the Albany-Rensselaer Station, located at 525 East Street, Rensselaer, County of Rensselaer, State of New York.

6. At all times mentioned herein, Plaintiff, Mary Anne Butler, born in 1961, was visiting the United States and specifically the Capital District Area and was traveling on Amtrak on October 30, 2020 with the intention of returning to the Dominican Republic from the New York City area.

7. Upon information and belief, at all times mentioned herein, and particularly on October 30, 2020, defendant, by and through its agents, servant and/or employees, was in the sole possession, control and operation of a certain train used on route from Albany-Rensselaer-New York to Penn Station in New York City (Train # 236), scheduled to depart Albany-Rensselaer Station at 8:25 AM and arrive at New York Penn Station at 10:50 AM.

8. Upon information and belief, at all times mentioned herein, and particularly on October 30, 2020, Plaintiff had purchased a ticket to ride said train #236 from Albany-Rensselaer-New York to Penn Station in New York City under Amtrak reservation number E075D6.

9. Defendant, at all times mentioned herein, was and is vicariously liable for the acts and/or omissions of its agents, servants and/or employees who were working on said train #236

on October 30, 2020.

10. Upon information and belief, the train #236 on October 30, 2020 contained water on its floor in the area of ingress and egress, threatening the safety of passengers such as Plaintiff. Specifically, Defendant failed to keep and maintain the interior of the train free of water and slippery substances to allow safe entry to and egress from said train.

11. Upon information and belief, train #236 on October 30, 2020 had no warning signs or other devices alerting passengers of the water accumulation inside the entry area of said train.

12. Upon information and belief, the train #236 on October 30, 2020 was permitted to be used in a customary fashion by Plaintiff and other passengers while it was in a hazardous and dangerous condition.

13. Upon information and belief, Defendant failed to detect and correct the dangerous condition that existed on train #236 on October 30, 2020 with water accumulation in the area of entry and exit.

14. Upon information and belief, train #236 on October 30, 2020 was used at a time when the accumulation of water created a slipping hazard inside said train and was therefore a danger to Plaintiff and other passengers.

15. Upon information and belief, the Defendant allowed train #236 on October 30, 2020 to be used by Plaintiff and other passengers in such a way as to create an unreasonable risk of harm.

16. Upon information and belief, the Plaintiff was permitted to enter the said train #236 on October 30, 2020 and was caused to slip and fall on water accumulation inside said train while at the Albany-Rensselaer Amtrak Station, causing her to come in contact with the floor of the train in a violent and dangerous manner.

17.     Upon information and belief, Plaintiff sustained serious personal injuries as a result of her slip and fall inside the train #236 at the Albany-Rensselaer Amtrak Station on October 30, 2020, including but not limited to fracture of her right arm, requiring surgery, loss of work, pain and suffering and other monetary and non-monetary losses.

### AS AND FOR THE FIRST CAUSE OF ACTION FOR NEGLIGENCE

18.     Plaintiff repeats, re-alleges and reiterates each and every allegation contained in this Complaint as if fully set forth herein.

19.     Upon information and belief, defendant, by and through its agents, servants and/or employees, had a duty to use care and caution when preparing train #236 for its passengers traveling from Albany-Rensselaer Station to New York Penn Station on October 30, 2020.

20.     Upon information and belief, defendant, by and through its agents, servants and/or employees, had a duty to ensure that its trains were cleaned and maintained in a reasonably safe condition and manner, factoring in weather conditions and to ensure that passengers such as Plaintiff, Mary Anne Butler, were kept free of dangers and hazards.

21.     Upon information and belief, defendant, by and through its agents, servants and/or employees, were negligent, careless and/or reckless in the possession, control, supervision, direction, judgment and management of the subject train #236 in that defendant failed to adequately train its agents, servants and/or employees and/or sub-contractors for the subject work being performed on October 30, 2020; negligently hired its agents, servants and/or employees and/or sub-contractors for the subject work being performed on October 30, 2020; negligently, carelessly and recklessly owned, operated, controlled and utilized the subject train on October 30, 2020 that had a water accumulation in the area of ingress and egress, making it dangerous for Plaintiff and other passengers to safely get to and from their seats on said train;

operated the train in an unsafe and/or hazardous manner; failed to reasonably and adequately protect the life, health and safety of the Plaintiff; failed to hire and/or utilized agents, servants and/or employees that had sufficient experience for the subject scope of work; and failing to prevent the Plaintiff from slipping and falling while attempting to enter said train; among other careless, reckless and negligent conduct.

22. Upon information and belief, defendant, by and through its agents, servants and/or employees, were negligent, careless and/or reckless in the possession, control, supervision, direction, judgment and management of the subject train #236 in that defendant failed to adequately train its agents, servants and/or employees and/or sub-contractors for the subject work being performed on October 30, 2020; negligently hired its agents, servants and/or employees and/or sub-contractors for the subject work being performed on October 30, 2020; negligently, carelessly and recklessly owned, operated, controlled and utilized the subject train on October 30, 2020; operated the train in an unsafe and/or hazardous manner; failed to reasonably and adequately protect the life, health and safety of the Plaintiff; failed to hire and/or utilized agents, servants and/or employees that had sufficient experience for the subject scope of work; and failing to prevent the dangerous condition that caused Plaintiff's injuries, among other careless, reckless and negligent conduct.

23. Upon information and belief, the subject slip and fall incident and resulting injuries sustained by the Plaintiff were caused solely and wholly be reason of the negligence, carelessness and recklessness of the defendant and/or its agents, servants and/or employees and/or those under defendant's control, without any fault, want of care or culpable conduct on the part of the Plaintiff.

24. Upon information and belief, the subject slip and fall incident and resulting injuries sustained by the Plaintiff were caused solely and wholly be reason of the negligence,

carelessness and recklessness of the defendant and/or its agents, servants and/or employees and/or those under defendant's control, without any fault, want of care or culpable conduct on the part of the Plaintiff.

25.     Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant and/or its agents, servants and/or employees and/or those under defendant's control, the Plaintiff experienced significant pain and suffering, loss of work, and other damages, among other things.

26.     Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the defendant and/or its agents, servants and/or employees and/or those under defendant's control, the Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts, and without any contributory or comparative negligence on the part of the Plaintiff.

27.     One or more of the exceptions to CPLR 1602 applies to this action and claim for damages.

WHEREFORE, Plaintiff demands judgment against Defendant on all counts and/or causes of action in an amount that exceeds the jurisdictional limits of all lower courts that otherwise have jurisdiction, exclusive of costs, statutory interest, disbursements and such other and further or different relief as the Court deems just and proper.  Plaintiff demands a jury trial on all issues and

causes of action set forth in this Complaint.

Dated:  October 30, 2023

                          By:  *Maryanne E. Low-Haviland*

                              Maryanne E. Low-Haviland, Esq.
                              HARDING MAZZOTTI LLP
                              Attorneys for Plaintiff
                              1 Wall Street
                              P.O. Box 15141
                              Albany, New York 12212-5141
                              (518) 724-2217